## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

**JEFFERY M. TYSON**                                                              **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 3:09CV-P117-S**

**KENTUCKY DEPARTMENT OF CORRECTIONS** *et al.*                 **DEFENDANTS**

### <u>MEMORANDUM OPINION</u>

### I. INTRODUCTION

Plaintiff, a former inmate of the Simpson County Jail, filed this 42 U.S.C. § 1983 action against the Kentucky Department of Corrections, the Division of Local Facilities of the Kentucky Department of Corrections, and the Simpson County Jail. Plaintiff claims that while incarcerated at the Simpson County Jail he was prevented from practicing his religion, Islam, in violation of the First Amendment to the United States Constitution. Plaintiff seeks six-million dollars in compensation "for his mental anguish pain and suffering, all past present, and future."

Plaintiff is proceeding *in forma pauperis*. For that reason, this action is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss Plaintiff's complaint for seeking monetary relief from Defendants who are immune from relief and for failure to state a claim upon which relief may be granted.

### II. STANDARD OF REVIEW

Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --

U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 provides a federal forum for injured parties to seek a remedy for the

deprivation of their civil liberties.[1]  42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491

U.S. 58, 66, (1989).  "To state a valid § 1983 claim, Plaintiff must establish that:  (1) he was

deprived of a right secured by the Constitution or the laws of the United States, and (2) the

deprivation was caused by a person acting under the color of state law."  *Redding v. St. Eward*,

241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48(1988)).  "If a plaintiff

fails to make a showing on any essential element of a § 1983 claim, it must fail."  *Id.*

A.  **KENTUCKY DEPARTMENT OF CORRECTIONS AND DIVISION OF LOCAL FACILITIES**

Plaintiff's § 1983 federal claims against the Kentucky Department of Corrections and its

Division of Local Facilities must be dismissed on two bases.  First, a state and its agencies (such

as the Kentucky Department of Corrections[2]) are not "persons" subject to suit under 42 U.S.C.

§ 1983, the statute under which Plaintiff presumably brings this action.  *Will v. Mich. Dep't of*

*State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the Kentucky

Department of Corrections and its subdivisions.  A state and its agencies, such as the Kentucky

Department of Corrections, may not be sued in federal court, regardless of the relief sought,

unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress

has overridden it.  *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139,

---

[1]The Court presumes that Plaintiff is preceding under § 1983 since he is claiming that his
First Amendment right to practice his religion was violated.  "Section 1983 provides the
exclusive available federal remedy for violations of federal constitutional rights under color of
state law.  Thus, plaintiffs may not avoid the limitations of a § 1983 claim for relief by asserting
a claim directly under the Constitution."  Martin Schwartz & Kathryn R. Urbonya, Section 1983
Litigation 8 (Federal Judicial Center 2008).

[2]The Kentucky Department of Corrections is a department within the Justice and Public
Safety Cabinet of the Commonwealth of Kentucky.  *See Smith v. Rees*, No. 5:07CV-P180-R,
2009 U.S. Dist. LEXIS 22215 (W.D. Ky. Mar. 18, 2009) (citing Ky. Rev. Stat. § 12.250).

146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).  In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)).

Thus, Plaintiff's claims against the Kentucky Department of Corrections and its Division of Local Facilities must be dismissed.

**B.    SIMPSON COUNTY JAIL**

Simpson County Jail is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983.  *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 U.S. App. LEXIS 28072 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under §1983).  In this situation, it is Simpson County that is the proper defendant in this case.  *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself).  Further, Simpson County is a "person" for purposes of 1983.  *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978).  The Court will therefore construe the claims against Simpson County Jail as brought against Simpson County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  Plaintiff alleges that his First Amendment right to freely exercise his religion was violated.  As such, the Court will address the second issue, *i.e.*, whether

4

the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  Simply stated, the plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff alleges that Simpson County had a policy that required that "inmates shall have the opportunity to participate in religious services and to receive religious

counseling within the jail."  He claims, however, that jail officials acted contrary to this policy and refused to allow him to meet with a spiritual leader, have a Holy Quran, or ensure that he was provided a pork-free diet.  Plaintiff cannot maintain a claim against Simpson County for the failure of its employees to follow its policies.[3]  *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible.").  As nothing in the complaint demonstrates that these alleged violations occurred as a result of a policy or custom implemented or endorsed by Simpson County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against Simpson County.[4]  As such, the Court will dismiss Plaintiff's claims against Simpson County.

---

[3]"Respondeat superior is not a proper basis for liability under § 1983."  *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006).  "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted).  "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'"  *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).  In other words, "liability under § 1983 must be based on active unconstitutional behavior."  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999).  "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability."  *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003).

[4]Plaintiff might be able to assert individual capacity claims against the jail officials that he claims were responsible for failing to implement the jail's religion policy, however, he has failed to state a cognizable claim against Simpson County.

6

## IV. CONCLUSION

For the reasons set forth above, the Court will enter an Order dismissing this action.

Date: November 19, 2009

**Charles R. Simpson III, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
        Simpson County Attorney

4411.008